In the United States District Court
Eastern District of Arkansas
Western Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 19 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

Stephanie White                                          Plaintiff

v.

Diverse Funding Associates, LLC          4:16CV909-SWW
and Jacob Law Group, PLLC                          Defendants

Wright
Harris

This case assigned to District Judge _____
and to Magistrate Judge _____

## Complaint

1.      This is an action brought by Stephanie White, an individual consumer, for Defendants Diverse Funding Associates, LLC's and Jacob Law Group, PLLC's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Arkansas Fair Debt Collection Practices Act (AFDCPA), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### Parties

2.      Plaintiff Stephanie White is a citizen of Saline County, Arkansas, and was so at the time of the events establishing this Complaint. Stephanie White is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2). The

3.      Diverse Funding Associates, LLC ("Diverse Funding Assocs.") is a foreign limited liability company organized under Delaware law with its principal place of business located at 325 Sonwil Drive, Cheektowaga, New York, 14225. Diverse Funding Assocs. regularly attempts to collect debts

alleged due from another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A). Diverse Funding Assocs. is a licensed collection agency with the Arkansas State Board of Collection Agencies.

4.      Jacob Law Group, PLLC ("Jacob Law Group"), is a foreign limited liability company organized under Mississippi law with its principal place of business located at 2623 West Oxford Loop, Oxford, MS 38655. Jacob Law Group's registered agent is Corporation Service Company, Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201. Jacob Law Group regularly attempts to collect debts alleged due from another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

## Jurisdiction and Venue

5.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), because Stephanie White's claims for violations of the FDCPA arise under the law of the United States. This Court has supplemental jurisdiction over Stephanie White's remaining claims under 28 U.S.C. § 1367 because those claims are so related to his claims for violations of the FDCPA they form part of the same case or controversy under Article III of the United States Constitution.

6.     The Court has in personam jurisdiction over Diverse Funding

Assocs. and Jacob Law Group under Arkansas' "long-arm" statute.[1] This

Court's assertion or jurisdiction over Diverse Funding Assocs. and Jacob

Law Group, is consistent with due process because it has sufficient

minimum contacts with Arkansas so that this Court's exercise of jurisdiction

is consistent with traditional notions of fair play and substantial justice.

Diverse Funding Assocs. and Jacob Law Group purposefully availed

themselves of the protection of the laws of Arkansas should reasonably

anticipate being haled into court in Arkansas by attempting to collect a

consumer debt from an Arkansas citizen. This Court's exercise of

jurisdiction over Diverse Funding Assocs. and Jacob Law Group is

reasonable. Furthermore, this Court's assertion or jurisdiction over Diverse

Funding Assocs. and Jacob Law Group is consistent with due process

because it has sufficient minimum contacts with Arkansas so that this

Court's exercise of jurisdiction is consistent with traditional notions of fair

play and substantial justice based on the following factors:

- Diverse Funding Assocs. and Jacob Law Group sends or
  authorizes others to send dunning letters to Arkansas residents
  in order to collect consumer debts;

- Diverse Funding Assocs. and Jacob Law Group file debt
  collection lawsuits in Arkansas state courts;

---

[1] Ark. Code Ann. § 16-4-101(B).

- Diverse Funding Assocs. typically provides Affidavits in support of allegations in these debt collection complaints by having Lawrence Schiavi sign these Affidavits.

- Michael A. Jacob, II, an attorney at Jacob Law Group, signs these debt collection complaints as a licensed Arkansas attorney;

- Stephanie White's cause of actions asserted herein are directly related to each of Diverse Funding Assocs.'s and Jacob Law Group's contacts with Arkansas.

- Arkansas has an interest in protecting its citizens from violations of the FDCPA and the AFDCPA.

- This Court is a convenient forum for all parties to resolve Diverse Funding's and Jacob Law Group's claims and causes of action.

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions establishing the claim occurred in this judicial district and division.

## Factual Background

8.     The debt Diverse Funding Assocs. and Jacob Law Group attempted to collect from Stephanie White is a financial obligation for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4). Stephanie White entered into a lease agreement with Why Not Lease It for a television. Why

4

Not Lease It required Stephanie White to make lease payments through an automatic draft on her checking account. Why Not Lease It, however, did not abide by the terms of the lease. Why Not Lease It began doubling the amount of lease payments charged against Stephanie White's checking account and withdrawing payments from her checking account at irregular intervals. Why Not Lease It's conduct was a breach of its lease with Stephanie White and caused Stephanie White's checking account to overdraw. Stephanie White made several attempts to correct the billing issues with Why Not Lease It, but the conduct continued. Stephanie White had no choice but to close her checking account to avoid the double billing and irregular payments that were causing her to incur overdraft fees.

9.      On January 7, 2016, Diverse Funding Assocs. filed a Complaint in the Circuit Court of Saline County, Arkansas, alleging that it held in due course a claim against Stephanie White pursuant to an account issued to her that originated with WHY NOT LEASE IT.[2] The Complaint also alleged that the account became due and payable and was sold to Diverse Funding Assocs., that it had demanded payment from Stephanie White, and that Stephanie White owed Principle and Accrued Interest of $1,174.38, Court Costs of $165.00, and post judgment interest.[3] The Complaint was signed by Michael A. Jacob, II, an attorney who practices for the Jacob Law Group.

---

[2] *See* attached Exhibit 1.

[3] *See Id.*

10.    Attached to the Complaint was Lawrence Schiavi's Affidavit, which stated that he is the Managing Partner for Diverse Funding Assocs. and that Stephanie White was indebted to Diverse Funding Assocs. in the amount of $1,174.38.·

11.    The Affidavit did not comply with Ark. Code Ann. § 16-45-104(b)(2)(A) and (B), because it did not contain a statement or disclosure of whether or not the debtor's account had been assigned or held by the original creditor or the name of the original creditor.

12.    The Affidavit did not comply with Ark. Code Ann. § 16-45-104(b)(4) because it did not contain a statement that the affiant is familiar with the books and records of the creditor and the account.

13.    The Affidavit did not comply with Ark. Code Ann. § 16-45-104(b)(6), because it did not identify the interest rate or source of interest rate.

14.    The Complaint did not comply with Ark. R. Civ. P. 10(d), because it did not attach the written instrument or document upon which Diverse Funding Assocs. based its claim against Stephanie White as an exhibit.

15.    By filing and serving the Complaint against Stephanie White, Defendants attempted to collect a consumer debt Stephanie White did not owe as Why Not Lease It had breached its lease agreement with Stephanie

---

· *See Id.*

White by double billing against her checking account and withdrawing payments at irregular intervals not allowed by the lease.

16.    On or about January 22, 2016, Diverse Funding Assocs. served Stephanie White with the Summons and Complaint.

17.    Stephanie White filed an Answer denying she owed Diverse Funding Assocs. the amount it claimed and asserted affirmative defenses to the Complaint.[5]

18.    Stephanie White also served requests for production seeking documents and information regarding the account at issue.[6]

19.    Diverse Funding Assocs. eventually dismissed the Complaint without having responded to Stephanie White's discovery requests.[7]

### Respondeat Superior Liability

20.    The acts and omissions of employees and agents of Diverse Funding Assocs., including Lawrence Schiavi and Michael A. Jacob, II, were committed within the time and space limits of their agency relationship with their principal Diverse Funding Assocs. and Jacob Law Group, PLLC, respectively

21.    The acts and omissions of Diverse Funding Assocs.'s and Jacob Law Group, LLC's employees and agents, were incidental to, or of the same

---

[5] See attached Exhibit 2.

[6] See attached Exhibit 3.

[7] See attached Exhibit 4.

general nature as, the responsibilities these employees and agents could perform for Diverse Funding Assocs. and Jacob Law Group, respectively.

22.    By committing these acts and omissions against Stephanie White, Diverse Funding Assocs.'s and Jacob Law Group's other employees and agents were motivated to benefit their principals, Diverse Funding Assocs. and Jacob Law Group, respectively.

23.    Diverse Funding Assocs. and Jacob Law Group are therefore liable to Stephanie White under the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions that violated federal and state law by their collection employees and agents, including violations of the FDCPA, and the AFDCPA, in its attempts to collect a consumer debt from Stephanie White.

**Standing**

24.    Stephanie White has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Diverse Funding Assocs. and Jacob Law Group described herein, and his injury in fact is likely to be redressed by a favorable judicial decision in this Court. Stephanie White's injury in fact is both particular and concrete because he suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

## Causes of Action

### *Count I–Violations of the FDCPA, 15 U.S.C. § 1692, et seq.*

25.     Stephanie White re-alleges and incorporates the foregoing paragraphs, as if set forth word for word.

26.     Diverse Funding Assocs. and Jacob Law Group violated the FDCPA. Defendant's violations include, but are not limited to, the following provisions:

     a.    Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

     b.    Defendants violated 15 U.S.C. § 1692e(2) by making false, deceptive, or misleading representations about the character, amount, or legal status of the alleged debt;

     c.    Defendants violated 15 U.S.C. § 1692e(10) by making false representations or using deceptive means to collect the alleged debt;

     d.    Defendants violated 15 U.S.C. § 1692f by making unfair and unconscionable means to collect or attempt to collect the alleged debt; and

     e.    Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.

27.   Because of the above violations of the FDCPA, Diverse Funding
Assocs. and Jacob Law Group are liable to Stephanie White for a declaratory
judgment that Defendants' conduct violated the FDCPA, statutory damages
of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), and costs and reasonable
attorney fees under 15 U.S.C. § 1692k(a)(3).

### Count II–Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

28.   Stephanie White re-alleges and incorporates the foregoing
paragraphs, as if set forth word for word.

29.   Defendants violated the AFDCPA. Defendants' violations include,
but are not limited to, the following provisions:

    a.   Defendants violated Ark. Code Ann. § 17-24-506(a) by using
false, deceptive, or misleading representations or means in
connection with the collection of a debt;

    b.   Defendants violated Ark. Code Ann. § 17-24-506(b)(2)(A) by
making false, deceptive, or misleading representations about
the character, amount, or legal status of the alleged debt;

    c.   Defendants violated Ark. Code Ann. § 17-24-506(b)(8) by
communicating false credit information;

    d.   Defendants violated Ark. Code Ann. § 17-24-506(b)(10) by
making false representations or using deceptive means to
collect the alleged debt;

    e.    Defendants violated Ark. Code Ann. § 17-24-507(a) by making unfair and unconscionable means to collect or attempt to collect the alleged debt;

    f.    Defendants violated Ark. Code Ann. § 17-24-507(b)(1) by attempting to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.

30.    Because of the above violations of the AFDCPA, Defendants are liable to Stephanie White for a declaratory judgment that its conduct violated the AFDCPA, statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), and costs and reasonable attorney fees under Ark. Code Ann. § 17-24-512(a)(3)(A).

## Jury Demand

31.    Stephanie White demands a jury trial.

## Prayer for Relief

Stephanie White prays judgment be entered against Diverse Funding Assocs. and Jacob Law Group for her statutory damages, costs and reasonable attorney fees, and for such other relief as may be just and proper.

Respectfully submitted

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202

Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

*Counsel for Plaintiff Stephanie White*

# Verification

State of Arkansas )
County of Saline )

Under 28 U.S.C. § 1746, Plaintiff Stephanie White, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil action.
2. I have read the foregoing Complaint prepared by my attorneys.
3. I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
4. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
5. I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
6. I have filed this Complaint in good faith and solely for the purposes set forth in it.
7. Each and every exhibit I provided to my attorneys attached to the Complaint is a true and correct copy of the original.
8. Except for any clearly indicated redactions made by my attorneys, I have not altered, changed, modified, or fabricated these exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

This 15 day of December, 2016.

_____
Stephanie White

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

DIVERSE FUNDING ASSOCIATES, LLC                                PLAINTIFF

V.                                                      CAUSE NO. 63CII-16-26-3

STEPHANIE O NEAL                                               DEFENDANT

## COMPLAINT

COMES NOW Plaintiff, DIVERSE FUNDING ASSOCIATES, LL, by and through

counsel, and brings this its complaint against the Defendant, as follows:

I.

Plaintiff, DIVERSE FUNDING ASSOCIATES, LLC, is a limited liability company

registered to do business in Mississippi.

Defendant, STEPHANIE O NEAL, is an adult resident of 5614 ALCOA RD, BENTON

AR 72015.

II.

Plaintiff, DIVERSE FUNDING ASSOCIATES, LLC, holds in due course a claim against

the Defendant pursuant to an account issued to Defendant that originated with WHY NOT

LEASE IT having account number XXXHWMV.  This account became due and payable and was

sold to DIVERSE FUNDING ASSOCIATES, LLC.

As a result of this purchase, DIVERSE FUNDING ASSOCIATES, LLC now owns all

rights to the debt and has full authority and power to do and perform all acts necessary for the

collection, including the right to pursue legal action.

FILED
SALINE COUNTY CIRCUIT CLERK
01/07/16 13:21:31

BY _____ISA_____

Complaint: Exhibit 1

III.

Plaintiff, through counsel, sent Defendant a correspondence demanding payment on this
account. More than thirty days have elapsed since Defendant received this correspondence and
Defendant has failed to satisfy this account.

IV.

As a direct and proximate cause of Defendant's failure to pay this past due indebtedness,
Plaintiff has incurred legal fees and court costs.

WHEREFORE, Plaintiff, DIVERSE FUNDING ASSOCIATES, LLC, demands
judgment of, from and against the Defendant:

| | | |
|---|---|---|
| 1. | Principle and Accrued Interest: | $1,174.38 |
| 2. | Court Costs in the amount of: | $165.00 |
| | **TOTAL:** | **$1,339.38** |
| 3. | Post judgment interest. | |

THIS December 1, 2015.

Michael A. Jacob, II
AB#2010/110
Jacob Law Group, PLLC
2623 West Oxford Loop
P.O. Box 948
Oxford, MS 38655
(866) 287-5283
(662) 238-2834 facsimile

*This is an attempt to collect a debt by a debt collector. Any information obtained will be used
for that purpose.

ACCOUNT BALANCE AFFIDAVIT

STATE OF NEW YORK
COUNTY OF ERIE

Personally appeared before me, the undersigned, who being fully sworn on oath, states:

1.    That the affiant is a Managing Partner for Diverse Funding Associates, LLC, and has knowledge of this account and thus is authorized to make the statements and representations herein;

2.    That as of November 17, 2015, the defendant in this cause, STEPHANIE O NEAL, is indebted to Diverse Funding Associates, LLC, in the total amount of $1,174.38;

3.    That said debt or account is not usurious, and that neither the affiant, nor any person, has received payment in whole or in part thereof, except as credited thereon, and that security has not been received thereon except stated.

_____
Lawrence Schiavi

Subscribed and sworn to before me on this _____ day of _____ 2015.

_____
NOTARY PUBLIC

RYAN SITTNIEWSKI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SI6270428
Qualified in Erie County
My Commission Expires October 15, 201_

IN THE CIRCUIT COURT OF _____SALINE_____ COUNTY, ARKANSAS

63CV-16-26-3

### NOTICE OF RIGHT TO CONSENT
### TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and **by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial**, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form — **CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE** — and return to the Circuit Clerk.

FILED
SALINE COUNTY CIRCUIT CLERK
01/07/16 13:21:50

BY ___GA_____

# JACOB LAW GROUP, PLLC

ATTORNEY AT LAW
2623 West Oxford Loop
Post Office Box 948
OXFORD, MISSISSIPPI 38655

Michael A. Jacob, II
662-238-2868
Facsimile  662-238-2834

*Admitted in MS, TN and AR
jacoblawgroup@jacoblawgroup.com
www.jacoblawgroup.com

December 1, 2015

Myka Sample
~~DENNIS MILLIGAN~~
SALINE COUNTY CIRCUIT COURT
200 N MAIN STREET
BENTON, AR 72015

63CV-16-26-3
FILED
SALINE COUNTY CIRCUIT CLERK
01/07/16  13:21:58

Re:   DIVERSE FUNDING ASSOCIATES, LLC v. STEPHANIE O NEAL
      Our Account #00221167

BY ___ 6A ___

Myka Sample
Dear ~~DENNIS MILLIGAN~~:

   Enclosed please find the original and a copy of a Summons and Complaint regarding the above referenced matter.  After marking the same "filed", please return the copies in the self addressed, stamped envelope.  A check in the amount of $165.00 is enclosed for your filing fee.

                              Sincerely yours,

                              JACOB LAW GROUP

                              Michael A. Jacob, II

enclosures

In the Circuit Court of Saline County, Arkansas
Third Division

Diverse Funding Associates, LLC                         Plaintiff

v.                              Case No. 63CV-16-26

Stephanie White                                          Defendant

## Answer

Defendant Stephanie White, files this Answer to Plaintiff Diverse

Funding Associates, LLC's Complaint.

### Admissions and Denials

1.      Stephanie White admits she is a resides at 5614 Alcoa Road,

Benton, Arkansas 72015. Stephanie White lacks sufficient knowledge or

information to form a belief about the truth of the remaining allegations in

paragraph I and therefore denies the same.

2.      Stephanie White denies the allegations in paragraph II.

3.      Stephanie White denies the allegations in paragraph III.

4.      Stephanie White denies the allegations in paragraph IV.

5.      Stephanie White denies Plaintiff is entitled to a judgment entered

against her or that Plaintiff is entitled the relief Plaintiff requests.

6.      Stephanie White denies the Affidavit of Lawrence Schiavi and

other exhibits attached to the Complaint are sufficient to establish that the

account sued on under Ark. Code Ann. § 16-45-104.

---

˾Stephanie White's former married name is Stephanie O'Neal.

Complaint: Exhibit 2

### Affirmative Defenses

7.   Stephanie White is not liable to Plaintiff because of set-off.

8.   Stephanie White is not liable to Plaintiff because of statue of
frauds.

9.   Stephanie White is not liable to Plaintiff because of payment.

10.   Stephanie White is not liable to Plaintiff because it lacks standing
to sue her.

11.   Stephanie White is not liable to Plaintiff because it lacks the
capacity to sue her.

12.   Stephanie White is not liable to Plaintiff because the Affidavit of
Lawrence Schiavi and other exhibits attached to the Complaint are not
sufficient to establish the account sued on under Ark. Code Ann. § 16-45-
104. However, Stephanie, in an abundance of caution, denies that she owes
Midland Funding $1,339.38.[2]

13.   Stephanie White is not liable to Plaintiff because the Complaint
fails to state facts upon which relief can be granted.

14.   Stephanie White is not liable to Plaintiff because it cannot prove
by evidence outside the Affidavit of Lawrence Schiavi and the other exhibits
to the Complaint the account in dispute under Ark. Code Ann. § 16-45-104.

15.   Stephanie White is not liable to Plaintiff because the Complaint
fails to comply with Ark. R. Civ. P. 10(d).

---

[2] *See* attached Affidavit of Stephanie White.

2

16.    Stephanie White reserves the right to amend her answer to include other affirmative defenses as discovery in this case progresses.

### Reservation of Rights to Assert Claims

17.    Stephanie White reserves her rights to assert any counterclaim she may have against Plaintiff.

18.    Stephanie White reserves her rights to assert any third-party claims against against the entity referred to as WHY NOT LEASE IT in the Complaint, Lawrence Shiavi, and others.

### Jury Demand

19.    Stephanie White demands a jury trial.

### Prayer for Relief

Stephanie White respectfully prays that Plaintiff takes none of the relief asserted against her in the Complaint, that she be awarded her attorney fees and costs for defending the Complaint as allowed by Ark. Code Ann. § 16-22-308, and that she be granted all other relief the Court deems proper and just.

Date: February 11, 2016.                    Respectfully submitted

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER McGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223

3

Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

## Certificate of Service

I certify that on February 11, 2016, I served a copy of the foregoing in accordance with Ark. R. Civ. P. 5(e) via U.S. Mail to the following:

Michael A. Jacob, II
2623 West Oxford Loop
P.O. Box 948
Oxford, MS 38655

Corey D. McGaha

4

In the Circuit Court of Saline County, Arkansas
Third Division

Diverse Funding Associates LLC                                    Plaintiff

v.                                    Case No. 63CV-16-26

Stephanie White                                    Defendant

## Defendant's Request for Production

Defendant serves this request for produciton on Plaintiff Diverse Funding Associates LLC, as authorized by Ark. R. Civ. P. 34(b). As required by Rule 34(b), Plaintiff must produce all requested documents, electronically stored information, or tangible things within within 30 days after service of this request, at Crowder McGaha, LLP, 5507 Ranch Drive, Suite 202, Little Rock, Arkansas 72223.

## Definitions

The following terms have the following meanings, unless the context requires otherwise:

1.    Parties. The term "plaintiff," or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, their agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.    Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3.    You & your. The terms "you" and "your" mean Diverse Funding Associates LLC and its agents, representatives, attorneys, experts, and other persons acting or purporting to act on Diverse Funding Associates LLC's behalf.

4.    Stephanie White. The terms "Stephanie White" also means Stephanie O'Neal, her former married name under which Diverse Funding Associates LLC sued her in this civil action.

Complaint: Exhibit 3

5.   Material. The term "material" means all documents, electroncially stored information, and tangible things.

  a. Document. The term "document" includes writings, drawings, graphs, charts, photographs, phonorecords, other data cocompilations from which information can be obtained, translated if necessary, by Defendant through detection devices into reasonbly usable form, and electroncially stored information.

  b. Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium form which it can be retrieved and examined. In includes, but is not limited to, all electronic files that are electroncially stored.

    (1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; email messages and files; text messages and files; deleted files; temporary files; system-history files; internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies, computer activity logs, metadata.

    (2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage.

    (3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards, and SIM cards.

  c. Tangible thing. The term "tangible thing" means a physical object that is not a document or electronically stored information.

6.   Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquires, or otherwise.

7.   Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

8.   Any. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9.   And & or. The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

10.   Number. The use of the singular form of any word includes the plural and vice versa.

### Instructions

1.   Respond to each request for production separately by listing the materials and by describing them as defined above. If the mateiral is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or lable

2.   Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3.   Produce electronically stored information in single-page searchable Adobe Tagged Image File Format (TIFF). For any electronically stored information produced:

    a.   Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's Bates number.

    b.   Write all of the electronically stored information to a flash drive.

4.   For electronically stored information, identify every source containing potentially responsive information that You are not searching.

5.   If objecting to a request for production, state the objection with particularity, providing specific grounds for the objection.

6.   For any materials that You assert are privileged, protected, or otherwise exempt from discovery, provide the following:

3

    a.    The specific grounds for the claim of privilege, protection, or other exemption.

    b.    The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

    c.    The subject matter of the matierial.

    d.    The date of the material.

    e.    The name, job title, and address of the author of the material.

    f.    The name, job title, and address of each addressee of the material.

    g.    The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

    h.    The name, job title, and address of the custodian of the material and the material's current location.

7.    For any materials that you claim no longer exist or cannot be located, provide all of the following:

    a.    A statement identifying the material.

    b.    A stateement of how and when the material ceased to exist or when it could no longer be located.

    c.    The reasons for the material's nonexistence or loss.

    d.    The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

    e.    The identity of any materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

4

## Request for Production

1.     Produce the application by Stephanie White for the account at issue in your Complaint.

2.     Produce receipts of the charges referenced in your Complaint.

3.     Produce your file of the debt alleged in your Complaint.

4.     Produce the transaction history of the debt alleged in your Complaint. Note that the transaction history should reflect the purchases allegedly made by Stephanie White, application of payments, the account balance remaining after acceptance, and application of each individual payment.

5.     Produce all materials relating to payments by Stephanie White on the account at issue.

6.     Produce the sale contracts between you and all predecessors in interest relating to the alleged debt.

7.     Produce the entire file received by you from any predecessor in interest.

8.     Produce all materials any predecessor in interest sent to Stephanie White relating to the alleged debt.

9.     Produce all assignment agreements permitting you to bring this claim, beginning with the first assignment form the original creditor, and every subsequent assignment agreement.

10.    Produce collection notes you obtained or created relating to the account at issue in your Complaint.

11.    Produce any other writings you obtained or created relating to the account at issue in your Complaint.

12.    Produce all materials you sent to Stephanie White relating to the debt at issue in your Complaint.

13.    Produce all materials you received from Stephanie White relating to the debt at issue your Complaint.

14.    Produce invoices sent by you to Stephanie White relating to the debt at issue in your Complaint.

5

15.   Produce notices sent by you to Stephanie White relating to the debt at issue in your Complaint.

16.   Produce billing statements sent to Stephanie White relating to the debt at issue in your Complaint.

17.   Produce your complete file relating to Stephanie White.

18.   Produce all notes, logs, memoranda, or computer entries, relating to this case, Stephanie White, or the alleged debt which you seek to collect.

19.   Produce all communications (including emails) between you and the original creditor of the alleged debt, relating to this case, Stephanie White, or the alleged debt.

20.   Produce all communications (including emails) between you and any assignor of the alleged debt, relating to this case, Stephanie White, or the alleged debt you seek to collect.

21.   Produce copies of all materials identified in, referred to, or used in drafting your Complaint.

22.   Produce all notices, including any default or right to cure notices, sent to Stephanie White relating to the debt at issue.

23.   Produce working papers, notes, calculations, diagrams, photographs, exhibits, and other materials, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

24.   Produce all copies of all transcripts of testimony previously provided by any individual listed by you as an expert witness.

25.   Produce treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered by any testifying expert in forming an opinion.

26.   Produce invoices, bills, and other billing materials for each expert you expect will testify at trial.

27.   Produce all photographs, videotapes, drawings, and other tangible things that pertain in any way to the subject matter of this civil action.

28.   Produce all oral or written statements made by you or your representatives concerning this civil action.

29.   Produce all materials reflecting purchase or ownership of Stephanie White's account.

30.   Produce all materials relating to Stephanie White's account and your efforts to investigage and collect on Stephanie White's account, including all internal collection records, collection screens, audit records, credit reports, skip trace reports, and correspondence.

31.   Produce all contracts and retainer agreements between you and and any intermediary, servicer, or forwarder in effect as of the date you received Stephanie White's account for collection.

32.   Produce all materials concering the amounts listed as owing in your Complaint and Affidavit of Lawrence Shciavi.

33.   Produce all materials relating to Stephanie White, or which are filed, indexed, stored, or retrievable under Stephanie White's name, or under any identifying number, symbol, code, or designation assigned to him, including tape recordings of converstions with or about him.

34.   Prodce an organizational chart for you.

35.   Produce a list of all employees engaged in the collection of debts like the debt you alleged Stephanie White owes, including their position and responsibilities.

36.   Produce all materials, including operation manuals and memoranda, of yours relating to the use of your debt collection efforts.

37.   Produce all materials relating to your association with a consumer reporting agency, if any.

Date: July 11, 2016                    Respectfully submitted,

Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder
Ark. Bar No. 2003138
CROWDER MCGAHA, LLP
5507 Ranch Drive, Suite 202
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208

7

cmcgaha@crowdermcgaha.com
wcrowder@crowdermcgaha.com

## Certificate of Service

I hereby certify that on July 11, 2016, I served a copy of the foregoing document to the following via U.S. Mail.

Michael A. Jacob, II
JACOB LAW GROUP, PLLC
2623 West Oxford Loop
P.O. Box 948
Oxford, MS 38655

Corey D. McGaha

8

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS

DIVERSE FUNDING ASSOCIATES, LLC                                    PLAINTIFF

V.                                                      CAUSE NO. 63CV-16-26-3

STEPHANIE O NEAL (WHITE)                                           DEFENDANT

## <u>NOTICE OF DISMISSAL WITHOUT PREJUDICE</u>

COMES NOW, Plaintiff, by and through counsel and files this, their dismissal without

prejudice.

September 16, 2016.

Respectfully Submitted,

Jacob Law Group. PLLC
*Attorney for the Plaintiff*
2623 West Oxford Loop
P.O. Box 948
Oxford, MS  38655
(662) 238-2868
(662) 238-2834 facsimile

_____
Michael A. Jacob, II

Complaint: Exhibit 4

## CERTIFICATE OF SERVICE

I, Michael A. Jacob, II, do hereby certify that I have this day mailed, postage prepaid, a true and correct copy of the above and foregoing to:

COREY D MCGAHA, ESQ.
5570 RANCH DRIVE SUITE 202
LITTLE ROCK, AR  72223

September 16, 2016

Michael A. Jacob, II

# JACOB LAW GROUP, PLLC

ATTORNEY AT LAW
2623 West Oxford Loop
Post Office Box 948
OXFORD, MISSISSIPPI 38655

FILED
SALINE COUNTY
CIRCUIT CLERK
2016 SEP 22 AM 11: 09
BY:

Michael A. Jacob, II*
Lynne Christopher**
662-238-2868
Facsimile 662-238-2834

*Admitted in MS, TN and AR
**Admitted in MS and AL
jacoblawgroup@jacoblawgroup.com
www.jacoblawgroup.com

September 16, 2016

DENNIS MILLIGAN
SALINE COUNTY CIRCUIT COURT
200 N MAIN STREET
BENTON, AR 72015

Re:   DIVERSE FUNDING ASSOCIATES, LLC v. STEPHANIE O NEAL (WHITE)
      Cause # 63CV-16-26-3
      Our Account #00221167

Dear DENNIS MILLIGAN:

      Enclosed please find the original and one of a Notice of Dismissal Without Prejudice to
be filed in this matter.  After marking the same filed, please return the copy to me in the enclosed
envelope.

      If you have any questions or need additional information, please give me a call.

                              Sincerely yours,

                              JACOB LAW GROUP

                              Michael A. Jacob, II

enclosures